OPINION
Defendant-appellant Candy Schwaben appeals her conviction and sentence entered by the Ashland County Municipal Court on one count of disorderly conduct, in violation of R.C. 2917.11(B)(1); and one count of resisting arrest, in violation of R.C. 2921.33(A). Appellant also appeals the trial court's July 3, 2001 Judgment Entry, which overruled her motion to suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 1, 2001, appellant was arrested on the aforementioned charges. Appellant was released on her own recognizance. Appellant requested numerous continuances of her arraignment and pretrial, and subsequently filed a waiver of her speedy trial rights. On June 13, 2001, appellant filed a motion to suppress alleging the officers from the Ashland Police Department failed to obtain a search warrant to enter her premises, and their entrance into appellant's home did not fall within one of the exceptions to the search warrant requirement. The trial court conducted a hearing on the motion on June 25, 2001.Officer Christy L. Wolfe of the Ashland Police Department testified she and three other officers were dispatched to appellant's residence at 611 Buckeye Street in Ashland, Ohio, on April 1, 2001, in response to repeated telephone calls appellant made to the 911 emergency system, and to the business line of the Ashland County Sheriff's Department. When the officers arrived, Officer Wolfe proceeded to the door of the residence and knocked. She knocked a second time and an individual, later identified as appellant, answered the door. Officer Wolfe asked appellant if the officers could enter the residence and speak with her about the calls to 911 and the Sheriff's department. According to Officer Wolfe, appellant permitted the officers to enter the residence. Officer Wolfe noticed the odor of alcohol emanating from appellant's person, and that appellant appeared to be upset. Officer Wolfe also observed approximately one dozen beer cans on the dining room table.
Officer Wolfe asked appellant the reason for her calling 911 and the Sheriff's department. Initially, appellant denied she made the calls, but subsequently admitted making the calls, stating she needed help. However, appellant informed the officers they could not help her and it was none of their business with whom she needed help. Officer Wolfe further testified appellant refused to provide the officers with her social security number or any other form of identification. Officer Wolfe stated, as she turned to look at another officer, appellant mentioned something about the bathroom and bolted down the hallway. Wolfe instructed appellant to return to the living room and finish speaking with the officers. Appellant became increasingly uncooperative, and began yelling. The officers placed appellant under arrest due to her continued uncooperativeness and yelling, as well as the fact appellant was not coherent. At that point, appellant began to wrestle with the officers and attempted to run down the hallway. Appellant yelled for her husband's assistance. Officer Wolfe testified she saw no other person during the time inside appellant's residence.
On cross-examination, Officer Wolfe explained appellant was placed under arrest for disorderly conduct as a result of her continued belligerent and uncooperative conduct. Additionally, the officers were concerned about whether appellant was able to care for herself as they had not seen anyone else at the residence. Officer Wolfe noticed appellant had difficulty speaking with the officers, was unwilling to listen to the officers, and was unable to stand up without the support of a wall.
Via Judgment Entry filed July 3, 2001, the trial court overruled appellant's motion to suppress. Thereafter, on July 9, 2001, appellant appeared before the trial court and entered pleas of no contest to both charges. On the resisting arrest conviction, the trial court sentenced appellant to thirty days in the Ashland County Jail with twenty-seven days suspended, placed appellant on probation for a period of one year, and ordered appellant to pay a fine of $200, plus court costs. With respect to the disorderly conduct charge, the trial court sentenced appellant to thirty days in the Ashland County Jail. The trial court ordered the sentences be served concurrently with each other, and placed appellant on probation for a period of one year. The sentence was stayed pending appeal. The trial court memorialized the convictions and sentences via Judgment Order filed August 9, 2001.
It is from the trial court's July 3, 2001 Judgment Entry, as well as appellant's convictions and sentences which appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS.
 II. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE APPELLANT IN SENTENCING HER BEFORE FORMALLY ACCEPTING A PLEA OF NO CONTEST.
 I
In her first assignment of error, appellant contends the trial court erred in overruling her motion to suppress. Specifically, appellant maintains the officers did not have her consent to enter the residence; therefore, the warrantless search was unlawful. We disagree.
Upon review of the entire record and the facts set forth supra, we find there was sufficient evidence to support the trial court's finding the officers' entrance into appellant's residence was consensual. Assumingarguendo, the entrance was not consensual and the police were in the house illegally, such did not give appellant immunity to commit a criminal offense during their presence in the residence.
Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant argues the trial court erred in sentencing her prior to formally accepting her plea of no contest.
The following dialogue occurred at the pretrial hearing on July 9, 2001:
 THE COURT: Okay. We had a motion hearing on this particular matter. The motion was overruled, the order has been journalized and we set this matter for another pre-trial.
 Mr. Lett, have you determined whether this matter is going to proceed to trial or other disposition?
 MR. SAM LETT [ATTORNEY FOR APPELLANT]: Your Honor, we would like to have it disposed of today, but she would also like to reserve her appellate right to review it to see whether there's's an issue there for the appeal. But we would be asking to Court to allows to us be entering a no contest plea today.
 THE COURT: All right. Ms. Schwaben, I need to have a little discussion with you. I need to make sure you're doing this voluntarily, and I need to make sure you're doing this knowing all the rights you're giving up by pleading no contest.
 First of all, have you had full opportunity to discuss this with your attorney? You have to answer audibly.
A.[APPELLANT] Yes, sir.
 THE COURT: You've been able to discuss all your options and any possible defenses you might have?
A. Yes.
 THE COURT: All right. Now, by pleading no contest I want you to know, first of all, you're giving up your right to have a trial; do you understand that?
A. Yes.
 THE COURT: Had there been a trial, there are other rights that go along with that that you're also giving up such as your right to be represented at that trial, the right to confront and cross-examine the State's witnesses, the right to present witnesses yourself, the right to subpoena witnesses, if that would be necessary. You are also giving up your right to testify in your own defense if you would choose to or you can elect not to testify. And lastly you're giving up your right to require the State to prove your guilt beyond a reasonable doubt. Do you understand the rights you're giving up?
A. Yes.
 THE COURT: Have there been any threats, promises, inducements of any kind to get you to do this?
A. No.
 THE COURT: You're telling me you're doing this voluntarily, after consulting with your attorney on all your options?
A. Yes, sir.
 THE COURT: Has the effect of a plea of no contest been explained to your? All right, I'll explain it to you. By pleading no contest, if you pleaded no contest, means just that you're not contesting this matter. A plea of no contest, although it does not admit guilt, it does admit the truth of the facts set forth in the complaint that's been filed against you. The Court can apply the law to those facts and the matter will be resolved this morning without a trial and without a further hearing.
 The sole nature of the no contest plea is that plea can't be used against you in some later civil action or criminal action. Do you understand that, the effect of a plea of no contest?
A. Yes.
 THE COURT: Do you have any questions about any of these matters that I've gone over?
A. No.
 THE COURT: All right. I am going to find that the no contest pleas are knowingly and voluntarily made * * *[1]
We find the aforementioned belies appellant's assertion her plea was not entered properly. It was clear appellant, through counsel, asked to plea no contest and her subsequent responses to the trial court affirmed her intention to enter such plea. Furthermore, appellant never objected to the trial court's proceeding to sentencing; therefore, appellant has waived her right to raise this issue on appeal.
Appellant's second assignment of error is overruled.
The judgment Ashland County Municipal Court is affirmed.
By: HOFFMAN, P.J. GWIN, J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Municipal Court is affirmed. Costs assessed to appellant.
[1] Tr. at 25-27.